Next case is In Re Doctors Making Housecalls, 2013-15-53. We'll be ready when you are, Mr. Stevens. Thank you. Good morning. May it please the Court, I'm Eric Stevens and I'm here on behalf of the appellant Doctors Making Housecalls. The issue here is whether the Trademark Trial and Appeal Board erred when it found by clear and convincing evidence that this sentence, Doctors Making Housecalls, is used by the relevant public as a generic name, and those are important words, for a category of medical services. Now, the Board applied the appropriate test here from the Marvin Jinn case where you first of all determine what is the genus of goods or services at issue and then you look at the relevant evidence to determine whether members of the relevant public primarily understand this term as referring to that particular genus of goods or services. But when the Board applied this test, where we feel like the Board went south just a little bit, was when it considered the phrase or the sentence, Doctors Making Housecalls, to be a term or to be a name. And that's an important threshold issue, the issue of whether the set of words in question can be properly characterized as a name. And we contend, Your Honors, that this particular set of words is a sentence that is not appropriately characterized as a name. It stretches too far beyond what can be characterized as a name. Now, the importance of this, there's a statute that... Well, if I had a phrase, refrigerator repairs done in your home, that wouldn't, I guess, be a name, but it would certainly be a generic description of a service, wouldn't it? Your Honor, I believe that a generic description of a service is not appropriately a thing that fits in... A generic description of a service is not something that is really a particular thing that the trademark office is looking to find. And let me go a little bit further. Well, but that would be generic, would it not? I mean, it describes exactly what I do and what my competitors do. Your Honor, here's the analogy that I thought of. It's hard to think of baseball going on down the road here in a month or so, given how cold it is today. But in about a month, you can go over to Washington National Stadium over there, and you can watch a gentleman named Steven Strasburg play baseball. And you might refer to Steven Strasburg as a baseball player making pitches. But that is not the generic name for what Steven Strasburg is. He's a pitcher. And by the same token, doctors making house calls is a sentence. It's a noun. It's a verb. It's a direct object that describes a very important aspect of what my client does and what other... There's a number of different generic names that are used to describe that. But when you say doctors making house calls, you're just narratively saying one thing that doctors do. You are not naming a category of goods and services. House call physicians would be a name and would be generic, but physicians or doctors making house calls is not. Doctors making house calls. You have to look at the entire combination of words together and determine whether the entire combination of words is a generic name. Right, but take my first example. House call physicians. That, I believe, is a generic name. But physicians making house calls is not, you say. That is our contention, Your Honor, yes. And I actually prepared a list. This record is full of articles, many of them submitted by doctors making house calls, many of them submitted by the board, that use various generic names for the type of services, for the category of services that my client offers. They refer to house calls and that could be considered a generic name. Now, when we talk about the generic, the genus of the services, the one point that we're trying to make in our argument about the genus is two points. The first thing is that our client offers services that, to an extent, go beyond what you would consider house calls because they deliver services to lots of other places that are not doctors' offices, such as offices. But making house calls is within the designation of the mark. That is correct, Your Honor. And the other thing that makes my client services more broad than would normally be encompassed within the term house calls. Why don't you listen to the question? It is at least descriptive then, isn't it? Yes, Your Honor. And then that gets to the question of secondary meaning. Yes, Your Honor. And the board held there wasn't adequate evidence. Yes, and we would respectfully submit that the board's ruling on that was also error. And that's a substantial evidence question. That is correct, Your Honor. And as to the secondary meaning... Before you get into the secondary meaning, could I make sure I understand your argument about the doctors do other things besides make house calls? Obviously, I could not open a restaurant with the name pizza on it, right? I mean, that's generic. Well, Randy's Pizza would be... No, no, the name pizza. If the name was just pizza, that would be generic, of course. That would be generic. But it wouldn't matter if, in addition to selling pizza, I also sold salads and maybe subs. That's correct, Your Honor. So the fact that you do something other than what the name suggests doesn't make the name itself any less generic, correct? That's correct, Your Honor. All right, so that argument kind of goes away, doesn't it? That's really not the focus of our argument. All right. And I would like to go back to the question of whether what we have here is a name as opposed to a sentence that describes something that's going on. And, you know, there has to be some limit to what is considered a generic name. For instance, a baseball player who stands on the mound and throws a pitch that goes to the catcher and tries to get the batter out, that would not be a generic name. So baseball player making pitches, which is the sort of exact analogy to what we have here, is just a condensed version of that sentence, right? And at some point, you have to have something with a name. Well, look, I don't understand where you're drawing the line on this. I mean, I'm going to play on Judge Bryson's hypothetical, but what if instead of pizza you had pizza maker? Is that still generic? I believe that could be generic, but I believe restaurants making pizza is very descriptive, but it's not generic. So you have man who makes pizza is not generic and pizza maker is generic? If you are respecting what the statute says, which is that what you have to have in question here is a name, then man who makes pizza or man making pizza. Why is that a name? It's man, which is a noun modified by a phrase. I'm not very good with grammar specifics, but it's a phrase that modifies it. It's no different than pizza maker. Pizza maker is, I mean, I looked up the definition of name, and it's a word or combination of words by which a person, body, or class of things is designated, called, or known. And let me just go through a couple of examples to see how... Let's put it in context of your case. I mean, you say doctors making house calls, so it's not a name. Is house call making doctors a name? Because it modifies it in a different way? That is closer to being a name, and again, there's a spectrum there. But what we're trying to argue... Those are all the same words, I think, and they're just ordered in a different way. I mean, what's the legal distinction there? The legal distinction, I think, is something that I can explain better if I go through some examples. And, you know, I'm looking at a couple of the articles that were included here in the record, and if you look at the record on page 822, there's an article specifically referring to my client, and the headline of the article is, there's a doctor in the house. And that's a headline that's used kind of similarly to some of the articles where the headline is doctors making house calls. We would argue that the phrase, there's a doctor in the house, would not be a generic name. That that would be just a phrase that's describing a doctor that's coming into somebody's house. It's a sentence. It's a sentence. So it's doctors making house calls. Actually, no. It's a verb. It's a direct object. Doctors making house calls is not a sentence. No, there is a doctor in the house. It's a sentence. Okay. But if you look at the article, it's clear when the article is referring to generic names, and it's clear when the article is referring to trademarks, and it's clear when the article is doing something else, which is narratively describing something. So you have a sentence in here. A group of board certified physicians, comma, doctors making house calls, provides care in a patient's home. So that's referring to my client. That's a use of the business name or service name. You move down. Much of the growth in home care is driven by the aging population. Home care, generic. Dr. Kronhaus, who is the principal of my client, believes that the practice of home health care will grow and can potentially transform health care. So home health care there is being used generically. Now, if you move on, the primary article, I believe, that the board relied upon is on page A253, and the headline is Retro Medicine, Doctors Making House Calls for a Price. And we would contend that's very similar to there's a doctor in the house. The use by this journalist of the phrase doctors making house calls for a price is similar. It's being used descriptively in a sentence. And then if you look at the article. Mr. Stevens, you wanted to save five minutes. You're well into that time. You can continue or save it as you wish. Okay. Let me just real quickly just refer to the fact that in this article it talks about a new kind of medical practice, and then it later goes on to name it. Doctor delivery is one of many new approaches. And then later on it says still these kinds of doctor delivery services are not likely to solve a big problem in health care. So, again, when they use the phrase doctors making house calls or the sentence doctors making house calls, they're using that in a narrative sense and not as a name. When they want to name this category of service, they say doctor delivery services. We will save the remainder of your time, Mr. Stevens. Mr. Hickman. Thank you, Your Honor. May it please the Court. The applicant has applied to register doctors making house calls for use with doctors making house calls. That is quintessentially generic. Clear and substantial evidence shows that the public understands doctors making house calls to refer to the providing of medical services to patients in their homes or wherever they may be. In short, doctors making house calls is the very service rendered. The public does not understand the phrase to refer to this particular applicant but to a type of medical service. But if the service is in the patient's office, is that a house call? Your Honor, it is. And the Board cited clear and substantial evidence to show that the public would understand that a house call may be performed even in an office.  The reporter describes the fact that doctors make house calls in people's offices, in patients' hotel rooms. In other words, anything outside of the doctor's office is a house call. That's correct, Your Honor. Or the hospital, I guess. That may be true. But essentially, anything where any visit that's made to a patient, wherever the patient may be outside the doctor's office. What about the provision of other services? I mean, it seems like the traditional understanding of doctors making house calls would be a doctor comes to your house or something and gives you an exam or something. But I think your opponent also provides other kinds of services and brings x-ray machines and things like that. Why is that considered part of what the public would understand? Well, I think there are two parts to that answer, Your Honor. Number one is that I think that the news articles and the records show that today the public would understand that doctors do, in fact, perform more advanced services. If we conclude otherwise, if we think that the public wouldn't understand that doctors making house calls would include bringing a portable MRI or something like that, how does that change the case? The case, the result is still the same. And the reason is because there's no dispute here that this particular applicant still performs the more basic services, like taking blood pressures, reading a sore throat, something along those lines. The specimens of use that the applicant actually submitted suggests that the applicant still performs what we would consider, I guess, the more traditional or basic services. And the public, and I think the evidence is clear, that the public would understand that when a doctor is performing a medical service, when a doctor is making a house call, a doctor, in fact, is performing basic services in that nature. So I think the evidence speaks for itself here. I think the board cited substantial and clear evidence to show that the public understands that doctors making... Can you address the opening argument a little bit more? What you're addressing now seems to me what I understood the briefs to be about, but I thought I understood the argument in the opening to be a little bit different, that, you know, not looking at what the services provided, but just that the phrase doctors making house calls itself was not something that could be considered generic because it's a sentence rather than a descriptive term. Your Honor, this court's case law makes no distinction between what might be considered a sentence or just a word. What this court's case law says is that the board is supposed to look to the public's understanding of whatever that mark or phrase is that's before the board. So if somebody tried to trademark the sentence, we are doctors who make house calls, you would have the same kind of objections to that? I think that's true, and I think that's because this evidence that's in the record shows that the public would still perceive that sort of mark to be simply a generic term for the very service that's rendered. I have always had some difficulty in trying to tease apart generic terms and descriptive terms. I think I understand kind of the rest of the spectrum, but those two seem to me to have significant line drawing problems. I think we can agree that the word pizza, as in the earlier example, is generic. You can't have a restaurant and call it pizza. No matter how much secondary association there is. What do you think about a term like delicious pizza? Would that be descriptive? Would we have crossed the line over into descriptive at that point? Your Honor, I think that delicious pizza still, frankly, may be considered a generic term. Certainly pizza hut is not generic, even though you imagine a hut that has pizza, it may not even be descriptive. But why isn't delicious pizza something that does not describe something except to the extent that it characterizes what the owner of the pizza place purports to be the quality of his goods, i.e. descriptive? Well, I think even with that sort of example, all that's really being done is an adjective that's being tacked on to the beginning of pizza. But pizza is still essentially the focus of the goods. Well, dominoes is an adjective associated with pizza, but it certainly is not generic. That's true, but dominoes, of course, is somewhat different than just delicious pizza. Yeah, I'm just having a hard time drawing that line. And I think, Your Honor, there is, in the treatises, and this Court has actually recognized that there is, in fact, a very blurry line between what a generic mark is or a generic term is and a descriptive term. And at the end of the day, what we're doing here is that we're just trying to determine whether this particular term is capable of designating commercial source. And as you mentioned, Judge Bryson, there is a spectrum all the way from arbitrary or fanciful marks all the way down the line to generic terms. And really the only difference is, in the agency at least, is that the PTO's burden is a little higher with respect to generic terms. Generic terms have to be shown generic by clear evidence. But generic terms have been described as essentially the ultimate in descriptiveness. And at the end of the day, what the point is, is that neither type of term is capable of designating commercial source. So I think those labels are really used as analytical tools or as aids to help classify whether a particular term is capable of designating source or not. Maybe this is the other side of exactly the same coin that you've been discussing, but to me it always seems that what we are really focusing on or the policy underlying this is not so much designating source as it is the preemptive effect of allowing someone to seize control of a particular word or phrase. So we don't allow pizza, because if I tried it as a trademark that's registered, because if I want to open a pizza restaurant, what am I going to do if somebody else already owns the word pizza? Probably similarly maybe with delicious pizza, because I don't want to be foreclosed from calling my pizza delicious. But obviously Domino's pizza, that doesn't foreclose much of anybody except somebody else named Domino. I think that's true, and I think in this particular case, the phrase doctors making house calls absolutely falls in that former bucket. Foreclosing a broad range of claims of service. And again, I think these articles show that phrase being used to describe a type of medical service over and over again. And if we have this applicant who is able to gain a monopoly on the use of that term, that in fact would defeat the nature of the purpose of trademark protection. Unless there are any further questions, I will ask that the board's decision be affirmed. Thank you, Mr. Hickman. Mr. Stevens has a little rebuttal time. Thank you, your honors. Real quickly, I want to address a couple of the points that were raised by the appellee. First of all, I respectfully disagree with the contention that the phrase delicious pizza is generic. Clearly, when you're trying to determine whether something is generic or descriptive, it can be difficult in the gray areas. But for the purposes of analytical clarity, there are two different things, and a generic term is not something that describes, it's something that names. And delicious pizza describes the pizza, but it doesn't name a category of pizza. So that's that point. Getting to your question about whether the sentence we are doctors who make house calls would be a generic term, our argument would be that's again not a generic name. And if you look at all the articles, if you look at all the evidence of record, all of the journalists who are talking about this phenomenon of modern day doctors who deliver their services to people's homes or offices, they have no problem distinguishing between a narrative use, a generic use, and use as a source. And it's completely clear reading the articles. When they're talking about doctors making house calls to my client, then they're talking about a particular generic type of service. And so the evidence is clear that the facts on the ground are people don't have trouble using these in different ways. Finally, if there was an article in the newspaper and the headline was doctors making house calls, do you think people would understand that to mean your client? No, John. And no, it would depend on the context to some extent. And if you look at, I believe there are some articles in there that refer to doctors making house calls, and they are using that as just a sentence that's describing a way that doctors are performing services. And then you get into the article and sometimes they're talking about my client, sometimes they're talking about other services like in-house doctors. Let me quickly get to the point of secondary meaning. Your time has run out, and you didn't deal with that earlier, but I'll give you a minute or so to quickly make the point. Thank you, Your Honor. To get to the point that was raised earlier about not wanting people to have a monopoly on the use of certain words, the key there is that my client would, if it gets this registration, it's going to have a very weak mark, and we understand that. And, therefore, when people put these words like doctors making house calls into newspapers, that's not any kind of infringing use. It's only for a weak mark if somebody is providing the exact same service using the exact same name that my client is going to have a problem with that. My client used this mark for over a decade exclusively, spent $100,000 to $200,000 per year during that time. In a limited geographic area, their services are provided basically in the tribal area of North Carolina. There were no surveys, though, indicating acquired distinctiveness in the minds of the public? That's correct, Your Honor. We did not spend the money on that, but you have to consider the amount of advertising and the very limited market that they're offering when you determine whether there's acquired distinctiveness. And all the articles that, again, in which the journalists are referring to my client by its name. Thank you, Mr. Stevens. We'll take the case under review.